## TATE v. LOGAN.

Opinion delivered December 7, 1908.

1. LACHES—UNREASONABLE DELAY.—Equity will not set aside a chancery sale upon the ground that the decree upon which it was based had been satisfied before the sale if the parties interested waited for seventeen years after the vendee acquired his deed and took possession of the land, and until the vendee has died and the land passed into the hands of innocent purchasers. (Page 334.)

2. SAME—NECESSITY OF PLEA.—Equity will deny relief to a party who is guilty of laches, though the defense is not specially pleaded. (Page 335.)

Appeal from Madison Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*Harris & Ivie,* for appellants.

1. The sale of the lands under the judgment was never approved and confirmed. The report of sale does not describe any lands, nor show that plaintiffs ever had any notice of the proceedings, and without notice could be no confirmation, and without confirmation there could be no sale. 69 Ark. 539. An order of confirmation of a sale is a final judgment. 73 Ark. 110. Judgments and orders without notice are void. Kirby's Digest, § 4424.

2. A void judgment is no judgment in legal effect. No rights are divested, and none can be obtained. It binds no one. 58 Ark. 186; Freeman on Void Judicial Sales, § 23 and notes; 12 Am. & Eng. Enc. Law (1 Ed.), 150-1 and notes; 23 L. R. A. 120 and notes.

3. The order of confirmation should describe the lands. 12 Am. & Eng. Enc. (1 Ed.), 75; Rorer on Jud. Sales, § § 109, 500.

4. Defendants having gone into possession under a void sale, their rights are those of a mortgagee in possession. 55 Ark. 326. They must apply the rents and profits to the payment of the debt. 54 Ark. 81; 30 *Id.* 520; 36 *Id.* 17; 49 *Id.* 508; 52 *Id.* 381; 2 Jones on Mort. § 1118.

5. The transfer of the certificate of purchase was a redemption, and not an assignment, and the certificate became void. 2 Jones on Mortgages, § 1051; Mansf. Digest, § § 3054, 3067, 3072. Adkins had the right to redeem as junior mortgagee. 2 Jones on Mort. § 1064, 1069, 1086.

*Appellee, pro se.*

1. The chancellor's finding of facts are conclusive unless against the clear preponderance of the testimony. 68 Ark. 314; 81 *Id.* 68.

2. The order of confirmation did not have to describe the lands, since the order refers to the lands heretofore ordered to be sold.

3. When the right of J. D. Atkins to redeem expired, the right of appellants also expired.

4. J. D. Tate did *not* pay off the judgment, and had *no right* to redeem. The money was from A. G. Atkins, and J. M. Williams assigned the certificate to him, and the deed was properly made to him and properly approved; hence none of the authorities cited by appellant are applicable.

McCULLOCH, J. Appellee, Logan, holds possession of the land in controversy, and claims title thereto under a sale pursuant to decree of the chancery court of Madison County, rendered in 1887 in a cause wherein J. M. Williams, administrator of Bayles Moore, deceased, was plaintiff and J. D. Tate was defendant. The land was sold to the plaintiff in that cause, who assigned a certificate of his purchase to one Atkins, to whom the commissioner's deed was executed. Atkins received his deed in November, 1890, and obtained possession of the land. Atkins's heirs conveyed the land to Powell, who in turn conveyed it to Sisemore, and the latter conveyed it to appellee in 1896 by warranty deed.

On January 11, 1888, J. D. Tate, the defendant in said decree, conveyed his interest in the land to appellees, Mary E. Tate, Lillie Tate and Ida E. Tate, who, in January, 1907, instituted the present suit to redeem from the chancery sale made in 1887 and to recover the land. They allege in their complaint that the decree was paid off after the sale had been made, but before the deed was executed, and that the sale was never confirmed by the court. The deed contains a recital that the sale was confirmed by the court and an approval of the deed, and the allegation of the complaint concerning the matter is not sustained.

We are of the opinion that the preponderance of the evidence sustains the contention that the decree was paid off after

the sale of the land thereunder, but appellants are barred, on other grounds, from recovering the lands. The evidence shows that a payment of two hundred dollars was first made on the decree by J. D. Tate himself. Afterwards one of the appellants intrusted enough funds to pay the balance of the decree to Shaw and Davis, who were attorneys for Atkins. They paid the money over to Williams, administrator of the Moore estate, who was the plaintiff in the decree, and who was also the purchaser of the land at the sale, and he, at the request of Shaw and Davis, assigned the certificate of purchase to Atkins. Atkins then procured a confirmation of the sale and a deed for the land, and then sold it after he got possession. The lands passed through the hands of several purchasers for value, and there is nothing, either in the pleadings or proof, charging them with actual notice of any frailty in the conveyance from the commissioner of the court to Atkins. Atkins is dead, and appellees have waited seventeen years after he procured his deed and took possession of the land before they made any movement to question the validity of the conveyance to him under the decree. Meanwhile, the lands have passed, for valuable consideration, from purchaser to purchaser, who, as far as this record discloses, are innocent of any actual knowledge of a defect in the title. No reason is shown why appellees did not commence their action to recover the land earlier, as it does not appear that they rest under any legal disability. Neither does it appear that there are any facts affecting the title which they were not apprised of many years ago. They are therefore barred, on account of their own laches, from asking a court of equity for relief. *Turner* v. *Burke,* 81 Ark. 352; *Sturdivant* v. *Cook,* 81 Ark. 284; *Dickson* v. *Sentell,* 83 Ark. 385; *Jackson* v. *Becktold Printing Co.,* 86 Ark. 591.

Laches was not specially pleaded in the answer, but this was not necessary. *Wilson* v. *Anthony,* 19 Ark. 16; *Dickson* v. *Sentell, supra.*

We are therefore of the opinion that the decree is correct. Affirmed.